UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JOURNEY WHITFIELD,

    Plaintiff,

v.

CARNIVAL CORPORATION and
JOHN DOE,

    Defendant(s).
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendants and alleges:

**PARTIES AND JURISDICTION**

1. The Plaintiff, JOURNEY WHITFIELD, is a citizen and resident of the State of California.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama with its principal place of business and worldwide headquarters in Miami, Florida.

3. Defendant, JOHN DOE, is a passenger who was aboard the ship *Carnival Miracle* who physically assaulted PLAINTIFF. The legal name and identity of JOHN DOE is presently unknown to the Plaintiff but will be revealed through discovery. Upon discovery of the legal name and identity of JOHN DOE, the Plaintiff will amend the Complaint to substitute the legal name of the said individual aboard the *Carnival Miracle*.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter

falls under the admiralty and maritime jurisdiction of this Court.

5. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CARNIVAL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

6. Defendants at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. The Defendant CARNIVAL was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Miracle*; and/or

    g. Defendant JOHN DOE agreed to submit to jurisdiction in this district for any and all claims arising out of or connected to the subject cruise.

7. The Defendants, CARNIVAL and JOHN DOE, are subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## PRELIMINARY ALLEGATIONS

9. Defendant, CARNIVAL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard

the vessel, *Carnival Miracle*.

10. At all times material, Defendant CARNIVAL owned, operated, managed, maintained, supervised and/or controlled the vessel, *Carnival Miracle*, including the bars, lounges and dance clubs that sell and serve alcohol to passengers and surrounding areas and owed its passengers, including Plaintiff, the legal duty to perform such functions in such a manner as to prevent them from being injured by other passengers due to the influence of alcoholic beverages.

11. At all times material, Defendant CARNIVAL also owed the additional duty to its passengers, including the Plaintiff to exercise reasonable care to keep and maintain its vessel in a condition reasonably safe for the use of passengers, including but not limited to the duty to adopt, implement, enforce, and carry out adequate and appropriate security measures and services and to take such precautions as were reasonably necessary to protect passengers, including the Plaintiff, from physical attacks by other passengers, which were reasonably foreseeable.

12. Defendant CARNIVAL, knew, or in the exercise of reasonable care should have known, that the selling and serving of alcoholic beverages to passengers would increase the risk of disorderly conduct and foreseeable attacks on other passengers, that there had been previous attacks on its vessels, and that attacks were reasonably likely to be perpetrated on Defendant's ship, unless Defendant took reasonable steps to provide proper security for all passengers and that its lack of security created an opportunity for injury, assault and battery upon its passengers.

13. On or about October 18, 2021, Plaintiff was a fare paying passenger and lawfully aboard on the vessel, which was in navigable waters.

- 4 -

14. On or about October 18, 2021, Defendant CARNIVAL invited its passengers, including the Plaintiff and Defendant JOHN DOE, to visit the vessel's dance club, Dr. Frankenstein's Lab Dance Club, ("dance club").

15. At all times material, Defendant CARNIVAL served alcoholic beverages to its passengers, including to Defendant JOHN DOE while in the subject dance club. Defendant JOHN DOE was served alcohol by Defendant CARNIVAL to the point that he was visibly intoxicated.

16. While visibly intoxicated in the dance club, Defendant JOHN DOE repeatedly approached the Plaintiff and her friends, harassing them and making them uncomfortable.

17. Defendant JOHN DOE followed the Plaintiff and her friends from the dance club and followed them to the elevator where he began screaming at them before physically assaulting the Plaintiff.

18. As a result of the physical assault, the Plaintiff suffered severe and debilitating injuries including, but not limited to, orbital fractures to her left eye.

**COUNT I – NEGLIGENT FAILURE TO WARN AGAINST CARNIVAL**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

19. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

20. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

21. On or about October 18, 2021, the Plaintiff was exiting the subject dance club located on Defendant's vessel. The subject dance club was located on decks one and two of the subject vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

22. On or about October 18, 2021, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangerous conditions and/or risks associated with attending the subject dance club;

   b. Failing to adequately warn passengers, including the Plaintiff of the prevalence of physical assaults aboard Defendant's ships;

   c. Failing to adequately warn passengers, including the Plaintiff of the prevalence of violence aboard Defendant's ships;

   d. Failure to adequately warn the Plaintiff that there would be insufficient security and/or crewmembers stationed throughout the vessel so as to prevent and/or stop physical altercations;

   e. Failure to adequately warn the Plaintiff that there would be insufficient security and/or crewmembers stationed at or near the subject dance club so as to prevent and/or stop physical altercations;

   f. Failure to adequately warn the Plaintiff of the dangerous conditions and/or risks arising out of and/or stemming from the insufficient amount of security guards throughout the vessel;

   g. Failure to adequately warn the Plaintiff that the Defendant serves/sells alcohol to visibly intoxicated passengers at the subject club, including to the Defendant, JOHN DOE;

   h. Failure to adequately warn the Plaintiff that there would be an insufficient amount of crewmember(s) monitoring and/or supervising the subject dance club so that those passengers who were visibly intoxicated would be escorted out of the subject dance club;

   i. Failure to adequately warn the Plaintiff that the Defendant did not enforce and/or have proper policies and procedures so as to prevent passengers, including the Defendant, JOHN DOE from becoming visibly intoxicated, potentially violent towards and/or committing physical assaults onto other passengers, including to the Plaintiff;

    j.  Failure to adequately warn the Plaintiff of other incidents previously occurring in the same manner and/or area;

    k.  Other acts and/or omissions which are revealed through discovery.

23. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because the Plaintiff's incident would not have occurred had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

24. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its monitoring and/or supervision of the subject dance club; (b) reviewed customer comments and feedback; and/or (c) prior incidents causing personal injury to Defendant's passengers during the same and/or similar dance activity aboard its vessels. Additionally, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

25. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, emotional distress, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

## COUNT II – NEGLIGENT SERVICE OF ALCOHOL AGAINST CARNIVAL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

26. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This duty included a duty to serve alcohol in a reasonably safe manner as to prevent passengers from becoming a danger to themselves and/or to other passengers due to the influence of alcoholic beverages.

27. On or about October 18, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failing to adequately monitor alcohol consumption of passengers, including of Defendant, JOHN DOE;

    b. Failing to adequately regulate passenger consumption of alcohol, including of Defendant, JOHN DOE;

    c. Serving and/or selling alcohol to passengers who are showing signs of oncoming intoxication and/or who are visibly intoxicated, including to the Defendant, JOHN DOE;

    d. Failing to stop service of alcohol to those passengers showing signs of oncoming intoxication and/or who are visibly intoxicated so as to avoid the dangers and risks associated with drunken behavior including but not limited to, physical battery, physical and verbal assault and/or uninvited physical contact;

    e. Failing to adequately train those crewmembers whose duty it was to spot signs of oncoming intoxication and/or intoxication of passengers;

    f. Failing to adequately supervise the crewmembers who are serving alcohol to passengers so as to prevent the over service of alcohol;

    g. Failing to promulgate and/or enforce adequate policies and/or procedures regarding the over service of alcohol to passengers;

    h. Failing to promulgate and/or enforce adequate policies and procedures so as to prevent passengers, including the Defendant, JOHN DOE from becoming intoxicated, potentially violent towards and/or committing physical assaults onto other passengers, including towards the Plaintiff;

    i. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

    j. Other acts and/or omissions which are revealed through discovery.

28. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its monitoring and/or supervision of the subject dance club; (b) reviewed customer comments and feedback; and/or (c) prior incidents causing personal injury to Defendant's passengers during the same and/or similar dance activity aboard its vessels. Additionally, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them

29. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, emotional distress, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

## **COUNT III – NEGLIGENT SECURITY AGAINST CARNIVAL**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

30. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances. This duty included the duty to adopt, implement, enforce, and carry out adequate and appropriate security measures and services and to take such precautions as were reasonably necessary to protect passengers, including the Plaintiff, from physical attacks by other passengers, which were reasonably foreseeable.

31. On or about October 18, 2021, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to use reasonable care in the exercise of security measures;

    b. Failure to keep the subject premises reasonably safe and secure so as to prevent physical altercations, batteries and/or disputes between passengers;

    c. Failure to station sufficient security and/or crewmembers throughout the vessel so as to prevent and/or timely intervene in physical altercations, batteries and/or disputes;

    d. Failure to station sufficient security and/or crewmembers at or near the subject dance club so as to prevent and/or timely intervene in physical altercations, batteries and/or disputes;

    e. Failure to timely respond to physical altercations, batteries and/or disputes between passengers;

    f. Failure to adequately monitor and/or control passengers who were showing signs of oncoming intoxication and/or were visibly intoxicated;

    g. Failure to adequately monitor and/or control passengers who were visibly aggressive towards and/or harassing other passengers;

    h. Failure to adequately monitor and/or supervise the subject dance club so that those passengers who were showing signs of oncoming intoxication and/or were visibly intoxicated would be escorted out of the subject dance club;

    i. Failure to adequately train security personnel;

j.  Other acts and/or omissions which are revealed through discovery.

## COUNT IV – GENERAL NEGLIGENCE AGAINST CARNIVAL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

32. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

33. On or about October 18, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

34. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees, as follows:

   a.  Failure to provide the Plaintiff with reasonable care under the circumstances;

   b.  Failure to protect passengers, including the Plaintiff from physical assaults, verbal assaults and/or batteries by other passengers;

   c.  Failure to adequately monitor and/or control passengers who were showing signs of oncoming intoxication and/or were visibly intoxicated;

   d.  Failure to adequately monitor and/or control passengers who were visibly aggressive towards and/or harassing other passengers;

   e.  Failure to station sufficient security and/or crewmembers throughout the vessel so as to prevent and/or timely intervene in physical altercations, batteries and/or disputes;

   f.  Failure to station sufficient security and/or crewmembers at or near the subject dance club so as to prevent and/or timely intervene in physical altercations, batteries and/or disputes;

   g.  Failure to timely respond to physical altercations, batteries and/or disputes between passengers;

   h.  Failure to properly monitor and/or supervise the subject dance club so that those passengers who were showing signs of oncoming intoxication and/or were visibly intoxicated would be escorted out of the subject dance club;

    i. Failure to provide adequate training and/or supervision of employees/agents who monitored and/or supervised the subject dance club and surrounding areas;

    j. Failure to promulgate and/or enforce adequate policies and procedures so as to prevent passengers, including the Defendant, JOHN DOE from becoming intoxicated, potentially violent towards and/or committing physical assaults onto other passengers, including towards the Plaintiff;

    k. Failure to promulgate and/or enforce adequate policies and procedures aimed eliminating, modifying and/or remedying the hazard(s) which caused Plaintiff's incident;

    l. Failure to ascertain the cause of prior similar incidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident;

    m. Other acts and/or omissions which are revealed through discovery.

35. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

36. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them. Defendant's knowledge of the dangerous condition(s) was specifically acquired through (a) its monitoring and/or supervision of the subject dance club; (b) reviewed customer comments and feedback; and/or (c) prior incidents causing personal injury to Defendant's passengers during the same and/or similar dance activity aboard its vessels. Additionally, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

37. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, emotional distress, loss of enjoyment of life, disability, disfigurement, aggravation of any previously

existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

### COUNT V – INTENTIONAL TORT OF ASSAULT AND BATTERY AGAINST JOHN DOE

The Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged originally herein.

38. On or about October 18, 2021, Defendant JOHN DOE assaulted and battered the Plaintiff.

39. As a result of the intentional assault and battery by JOHN DOE, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, emotional distress, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant, including punitive damages, and demands jury trial of all issues so triable.

- 13 -

Respectfully submitted,

LIPCON, MARGULIES,
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Gabriela Di Mauro*
**JASON R. MARGULIES**
jmargulies@lipcon.com
Florida Bar No. 57916
**CAROL FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com
**GABRIELA DI MAURO**
Florida Bar No. 1019993
gdimauro@lipcon.com